# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re                                                       Case No. 07-31044
                                                               Chapter 7

COLBERT F. CLARK,

        Debtor.

## MEMORANDUM DECISION

This Chapter 7 bankruptcy case came before the Court for hearing on the joint motion to compromise filed by the Trustee and General Electric Capital Corporation (Doc. 37), on August 21, 2007. Present were Chapter 7 Trustee Daniel G. Hamm, Trustee's counsel Richard Scott Williams, Daniel D. Sparks, counsel for General Electric Capital Corporation, Michael Fritz, counsel for the Bankruptcy Administrator, Collier H. Espy, Jr., counsel for the Debtor Colbert Clark, and Charles K. Hamilton, counsel for Laura J. Clark.

## I. FACTS

On July 11, 2007, Debtor Colbert Clark filed a petition in bankruptcy pursuant to Chapter 7 of the Bankruptcy Code in this Court. (Doc. 1). At that time, there was a pending civil action styled General Electric Capital Corporation v. Colbert F. Clark and Laura J. Clark. Suit had been originally filed in the Circuit Court for Jefferson County, Alabama under Case No. CV200605288. That civil action was removed to Federal Court in the Northern District of Alabama and subsequently transferred to this Court. That civil action is now pending in this Court under Adversary Proceeding No. 07-3026.

General Electric Capital Corporation (GE Capital) alleges in its suit that it is a creditor of Colbert Clark, having obtained a money judgment in the amount of $600,000.00, in another civil

action in the United States District Court for the Middle District of Alabama, under Case No. 04-CV-740. Judgment was entered in that civil action on November 28, 2005. GE Capital alleges in Adversary Proceeding 07-3026 that Colbert Clark transferred his interest in a jointly owned residence in Dothan to Laura Clark, his wife, for no consideration on October 21, 2003. It is further alleged that Colbert Clark transferred his interest in a residence in Panama City Beach, Florida to Laura Clark, also for no consideration, on July 16, 2004. GE Capital seeks to avoid the transfers as fraudulent, or in the alternative recover their value.

In addition to the bankruptcy filing of Colbert Clark, Clark Construction also filed bankruptcy on July 11, 2007. (Case No. 07-31043). According to Statements and Schedules filed in the Clark Construction case, the corporation ceased doing business in November of 2003, one month after the transfer of the Dothan Residence to Laura and 8 months before the transfer of the Panama City Beach residence. (Case No. 07-31043, Doc. 1). The schedules report approximately $20,000,000 in liabilities and only $11,000 in assets. Id. Thus, if there is to be any recovery for the creditors in these bankruptcy cases, it will be by way of avoidance and recovery actions, as the assets have been dissipated.

Daniel G. Hamm was appointed as Trustee on July 23, 2007. (Doc. 21). Three weeks later, on August 14, 2007, Trustee Hamm, together with GE Capital filed an emergency joint motion to approve a compromise. (Doc. 37). The "compromise" consists of the following: (1) GE Capital is to prosecute the fraudulent conveyance suit; (2) GE Capital is to receive 90% of the recovery, up to $300,000, 80% of the recovery over $300,000 and up to $500,000, and 70% of any recovery in excess of $500,000. There is nothing in the Court's record which indicates that there is any dispute between GE Capital and the estate. That is, the Trustee has not filed suit

against GE Capital, and GE Capital has not brought suit against the Trustee. The emergency motion was served only on counsel for the Debtor and counsel for Laura Clark. The Trustee did not serve copies of his motion on any of the creditors.

## II. DISCUSSION

It is well established that once a petition in bankruptcy is filed, the trustee in bankruptcy has the exclusive right to bring suit to recover property fraudulently transferred by a debtor. Romagosa v. Thomas (In re Van Diepen, P.A.), 2007 WL 1577961, at *4 (11th Cir. May 31, 2007) (stating that Trustee had the sole authority to prosecute fraudulent conveyance action); FDIC v. Hirsch (In re Colonial Realty Co.), 980 F.2d 125, 137 (2nd Cir. 1992) (holding that a fraudulent conveyance action brought by a creditor was stayed); Nebraska State Bank v. Jones, 846 F.2d 477 (8th Cir. 1988); American Nat'l Bank of Austin v. MortgageAmerica Corp. (In re MortgageAmerica Corp.), 714 F.2d 1266, 1275-76 (5th Cir. 1983) (stating that the trustee asserts fraudulent conveyance actions for all creditors, and actions by individual creditors under state fraudulent conveyance laws would interfere with the estate and produce anarchy); Klingman v. Levinson, 158 B.R. 109, 113 (N.D. Ill. 1993) (stating that creditors may not vie with the bankruptcy trustee for the right to pursue fraudulent conveyance actions as the trustee has that exclusive right); In re Zwirn, 362 B.R. 536, 539 (Bankr. S.D. Fla. 2007) (holding that all courts agree that a bankruptcy case stays creditor fraudulent conveyance actions and that once the bankruptcy case is filed, fraudulent conveyance actions may only be prosecuted by the trustee); In re Tessmer, 329 B.R. 776 (Bankr. M.D. Ga. 2005); Barber v. Westbay (In re Integrated Agri, Inc.), 313 B.R. 419, 427 (Bankr. C.D. Ill. 2004) (holding that commencement of a bankruptcy

-3-

case gives the trustee the right to pursue recovery of fraudulently conveyed assets to the exclusion of all creditors); Coleman v. J&B Enters., Inc. (In re Veterans Choice Mortgage), 291 B.R. 894 (Bankr. S.D. Ga. 2003); NBD Bank, N.A. v. Fletcher (In re Fletcher), 176 B.R. 445 (Bankr. W.D. Mich. 1995); In re Saunders, 101 B.R. 303, 306 (Bankr. N.D. Fla. 1989) (holding that the fraudulent conveyance action brought by the creditor was stayed, because the trustee has the exclusive right to bring suit for the benefit of all creditors); Famous Supply Co. of Canton v. Central Heating & Air Conditioning, Inc. (In re Central Heating & Air Conditioning, Inc.), 64 B.R. 733, 736-37 (Bankr. N.D. Ohio 1986) (holding that a fraudulent conveyance action brought by a creditor was stayed to permit the trustee to bring suit for the benefit of all creditors). It is a matter of black letter law that once a bankruptcy case is filed, the Trustee in bankruptcy has the exclusive right to bring a fraudulent conveyance suit to recover property transferred by the debtor.

More than 125 years ago, in a case decided under a bankruptcy act preceding the 1898 Act, the Supreme Court established the principal that the trustee in bankruptcy has the exclusive right to bring a fraudulent conveyance suit:

> Creditors can have no remedy which will reach property fraudulently conveyed, except through the assignee [now trustee in bankruptcy], for two reasons: 1. Because all such property, by the express words of the Bankruptcy Act, vest in the assignee [trustee] by virtue of the adjudication in bankruptcy and of his appointment. 2. Because they cannot sustain any suit against the bankrupt.

Glenny v. Langdon, 98 U.S. 20, 27-28 (1878). Because the Trustee is attempting to bargain away, to the tune of 90%, something that well established law quite clearly gives him, the emergency motion to compromise will be denied by way of a separate order. The Court is

Case 07-31044    Doc 47    Filed 08/29/07    Entered 08/29/07 17:07:47    Desc Main
Document      Page 4 of 7

deeply troubled that the Chapter 7 Trustee would attempt to give away 90% of the value of a fraudulent conveyance action for no good reason. This bankruptcy case has only been filed for about one month and the facts need to be further developed. However, it would appear that there are potentially several million dollars worth of fraudulent conveyances here that should be evaluated by a competent and independent trustee.

The Court is aware of one reported decision where a Trustee entered into a joint prosecution agreement with a creditor on terms similar those presented here. Glinka v. Murad (In re Housecraft Industries USA, Inc.), 310 F.3d 64 (2nd Cir. 2002). In Glinka, the Bankruptcy Court approved the agreement and Defendant objected arguing that the Court could not grant standing to a creditor. As the question of whether the Trustee in Glinka made a good deal for the estate or not was not on the table, those facts were not developed in the published decision. This Court has previously held that, under appropriate circumstances, a bankruptcy court may grant standing to another party to prosecute a fraudulent conveyance action. In re Dur Jac, 254 B.R. 279 (Bankr. M.D. Ala. 2000). The issue here is not whether the Court has the power to approve this compromise, but whether it is wise to do so.

The actions of Chapter 7 Trustee Daniel Hamm fall so far short of what the Court considers to acceptable practice for a Trustee, that the Court has reason to question his judgment and consider whether the Court has cause to remove him in accordance with 11 U.S.C. § 324. The Court is troubled by several factors here. First, this motion was made on an emergency basis very early in the case, in an apparent effort to avoid input from other creditors. Second, counsel misrepresented the fact of service of the motion on creditors. One lawyer first stated that service of the motion had been made, while another later argued that service was not

-5-

Case 07-31044    Doc 47    Filed 08/29/07    Entered 08/29/07 17:07:47    Desc Main
                           Document      Page 5 of 7

required and that it was the Court's responsibility to provide notice to creditors. Before reaching the merits of the question, the appearance here is troubling. Third, counsel were unclear as to whether, or when, GE Capital had recorded its judgment. Had GE Capital recorded its judgment prior to the alleged fraudulent transfers, it would indeed have a good argument that it is entitled to recover from the property. Counsel did not have copies of recorded certificates of judgment available at the hearing. Counsel for the Debtor represented that certificates of judgment had not been filed.

Haste makes waste. There was no valid reason to file this motion on an emergency basis. The facts surrounding this matter need additional development to determine whether GE Capital has a colorable claim. If the real problem here is that the estate does not have the funds to bring this action then that should stated up front. If there is no money in the estate, the Court would consider hiring counsel on a contingent fee basis.

### III. CONCLUSION

The motion to compromise (Doc. 37) is DENIED for the reasons set forth above. In addition, Chapter 7 Trustee Daniel Hamm shall appear and show cause, on October 2, 2007, at 1:30 p.m., why he should not be removed as Trustee. In addition, the Court will order GE Capital to file copies of judgement with documentation showing where and when the judgment was recorded. Separate orders will be entered.

Done this the 29th day of August, 2007.

/s/ William R. Sawyer

United States Bankruptcy Judge

Case 07-31044    Doc 47    Filed 08/29/07    Entered 08/29/07 17:07:47    Desc Main
                    Document      Page 7 of 7